The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, AR 72034
Dear Senator Baker:
You have presented the following question for my opinion:
 In calculating prior years of teaching "in any school district," for purposes of A.C.A. § 6-17-1001(a)(2), is a school district limited to crediting only service in other public schools, or can the school district count service in a private school?
RESPONSE
The statutory provision about which you have inquired, A.C.A. §6-17-1001(a)(2), was repealed by Acts 59 and 74 of 2003, which were enacted, respectively, on January 27 and February 4, 2004, during the Second Extraordinary Session of the 84th General Assembly, after the date on which you submitted your opinion request. However, both Act 59 and Act 74 included language that is similar to the language of A.C.A. §6-17-1001(a)(2). The similar language is set forth in a new section to be codified at A.C.A. § 6-17-2403(c). I will therefore treat your question as though it refers to this new provision in Acts 59 and Act 74.
It is my opinion that prior years of teaching in a private school cannot be included in calculating teachers' minimum required salaries under A.C.A. § 6-17-2403(c). However, it is my opinion that under current law, individual school districts can operate under internal policies of negotiating salaries with their teachers taking into consideration prior teaching experience in private schools.
A.C.A. § 6-17-2403 outlines a schedule for teacher salaries and provides for a minimum base salary as well as increments for various levels of education and experience. The language of Subsection (c) states:
 (c) For purposes of the salary schedules described in this section, the teacher's experience shall be his or her total years in any school district in the state and shall not be based only upon the years in the district in which he or she is currently employed.
A.C.A. § 6-17-2403(c) (emphasis added).
The Arkansas Supreme Court of course has not had an opportunity to interpret the term "school district," as used in the language quoted above (or in any similar previous provision of law), nor has the State Board of Education promulgated a rule or regulation indicating its interpretation of the term in this context. In the absence of guidance from the Court or the State Board, it is my opinion that the term "school district," as used in A.C.A. § 6-17-2403(c), must be interpreted to refer to a public school district. Although the term "school district" is not defined in A.C.A. § 6-17-2403, it should be given the meaning that it unquestionably carries throughout the school-related statutes. The term "school district" appears at least 693 times throughout the Arkansas Code. Most of those occurrences are found in Title 6, the portion of the code that deals with education matters. In most of these uses of the term "school district" in Title 6, the statutes are unequivocally referring to public school districts that are regulated by the state. Indeed, the regulation of public school districts is the precise purpose of these statutes. For example, Chapter 13 of Title 6, which specifically addresses matters related to local school districts, begins with the following description of "school districts":
 (a) There shall be only one (1) kind of school district in this state, and each shall have the same prerogatives, powers, duties, and privileges as herein set forth.
 (b) All school districts which may be hereafter created shall be the same kind, with the same prerogatives, powers, duties, and privileges as provided by law.
A.C.A. § 6-13-101. The provisions that follow the statute quoted above go on to set forth and describe various aspects of the nature, legal status, and powers of local public school districts. Because the term "school district" is so widely used in these statutes to refer to the local public school districts that are described in the provision quoted above, I believe that if the General Assembly had intended its use of the term in a particular instance to refer to schools other than public schools, it would have indicated this intent. The General Assembly did not do so in Act 74 of 2003 (2nd Ex. Sess.), in which it created A.C.A. § 6-17-2403(c). As noted previously, the State Board of Education has not promulgated any regulation that would indicate any different interpretation of the term "school district" in the context of calculating minimum teacher salaries.
I believe that my interpretation of the term is bolstered by the fact that any interpretation under which the term "school district" could include schools other than public schools would give rise to significant difficulties in the application of the statute and to the possibility of substantially disparate treatment of teachers. For these reasons, I conclude that A.C.A. § 6-17-2403(c) should not be interpreted to permit the consideration of prior experience in private schools in calculating the required minimum salaries for teachers.
However, it is my opinion that under current law, individual school districts can operate under internal policies that permit them to negotiate salary agreements with their teachers, taking into consideration the fact that the teacher had prior experience in a private school. The requirements that are stated in A.C.A. § 6-17-2403, discussed above, are clearly minimum requirements. This fact is apparent from the language of subsection (a):
 (a) The board of directors in each school district in the state shall pay classroom teachers upon a minimum salary schedule that provides:
(1) Annual increments for education and experience;
(2) A base salary; and
 (3) A minimum salary for a teacher with a master's degree, and at least fifteen (15) years of experience.
A.C.A. § 6-17-2403(a) (emphasis added).
The language quoted above very evidently indicates that the requirements stated in the statute apply for purposes of calculating the minimum
required salaries for teachers. These minimum requirements do not, in my opinion, prohibit school districts from choosing to pay more than these amounts.
I must emphasize that the statements contained in this opinion concerning the authority of local school districts to pay teacher salaries in excess of the minimum required salaries reflects the law as it exists at the time of the issuance of this opinion. These statements based on current law may well be impacted by the decision that will be reached by the Arkansas Supreme Court in consultation with two special masters who were appointed on February 4, 2004, in Lake View School District No. 25 ofPhillips County, Arkansas, v. Governor Mike Huckabee, (Ark.S.Ct., No. 01-836), concerning the State's constitutional mandate to "maintain a general, suitable and efficient system of free public schools and . . . adopt all suitable means to secure to the people the advantages and opportunities of education." Ark. Const., Art. 14, § 1.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General